[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10131

Non-Argument Calendar

_____

NORMA ALICIA CAMPOVERDE-PANORA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-889-234

_____

Before JILL PRYOR, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Norma Alicia Campoverde-Panora seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal under the Immigration and Nationality Act (INA). Campoverde-Panora claims the BIA violated her due process rights by failing to consider whether she was persecuted on account of membership in a particular social group (PSG) that she articulated for the first time on appeal to the BIA. Noting that she had no attorney at her merits hearing before the IJ, she contends the BIA's requirement that an asylum applicant provide an exact delineation of her PSG before the IJ disregards the normal rules regarding waiver and sets an often impossibly high bar for *pro se* applicants to satisfy. After review,[1] we deny her petition.

To establish a due process violation in removal proceedings, "aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial

---

[1] We review only the decision of the BIA, unless the BIA expressly adopted the IJ's decision. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). "We review constitutional challenges *de novo*." *Lonyem v. U.S. Att'y Gen.,* 352 F.3d 1338, 1341 (11th Cir. 2003). "To the extent that the BIA's decision was based on a legal determination, [our] review is *de novo*." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004).

prejudice." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341-42 (11th Cir. 2003). Even when an agency fails to follow its own rules or regulations, a due process claim does not automatically arise because the root requirements of due process require only that one be given notice and an opportunity to be heard. *Hakki v. Sec'y, Dep't of Veteran Affs.*, 7 F.4th 1012, 1030 n.13 (11th Cir. 2021). As a rule of practice, appellate courts generally will not consider a legal issue unless it was presented to the trial court. *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984); *see also Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a . . . right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."). We have upheld such a rule under the rationale that it would waste resources and "deviate from the essential nature, purpose, and competence of an appellate court" to address fact-bound issues for the first time on appeal. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Absent constitutional constraints, "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Lonyem*, 352 F.3d at 1342 (quotation marks omitted). In discharging its duty, the BIA has established case law that parties may not make new legal arguments for the first time on appeal. *See, e.g.*, *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007). Further, BIA case law requires an applicant to

delineate to the IJ the PSG upon which she is relying in making her claim. *See Matter of A-T-*, 25 I. & N. Dec. 4, 10 (BIA 2008). Finally, the BIA cannot "engage in fact finding in the course of deciding cases." 8 C.F.R. § 1003.1(d)(3).

The BIA did not violate Campoverde-Panora's due process rights by refusing to consider the asserted PSG that she articulated for the first time on appeal. Campoverde-Panora had the burden of proving she was a refugee, meaning she was or would be persecuted on account of a protected ground. *See Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (stating the burden is on the asylum applicant to establish she is a refugee). Campoverde-Panora's *pro se* status did not excuse her from her burden of articulating the basis of the persecution she assertedly suffered or feared.[2] *See Melton v. Abston*, 841 F.3d 1207, 1233 n.5 (11th Cir. 2016) *abrogated on other grounds by Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) (holding a *pro se* litigant waived the right to assert a defense after failing to raise it first in the district court).

Permitting an applicant to articulate a new PSG on appeal would encourage sandbagging, and would often necessitate remands for further factfinding, as the IJ will not have made a specific

---

[2] Campoverde-Panora filed her application for asylum, withholding of removal, and protection under the CAT with assistance of counsel, and asserted a fear of persecution on account of her membership in a PSG. Before the merits hearing, the IJ granted a motion to withdraw as counsel filed by Campoverde-Panora's attorney and Campoverde-Panora appeared *pro se* at the merits hearing.

finding about whether the new group membership was a central reason for the asserted persecution, and the BIA cannot make new factfindings on appeal. *See Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1273 (11th Cir. 2019) (stating courts may enforce waiver rules to prevent parties from sandbagging by raising new claims on appeal after an initial lack of success); *see Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1314 (11th Cir. 2016) (vacating the BIA's opinion after it engaged in independent factfinding). Moreover, the BIA's rule against reviewing new PSGs offered on appeal is consistent with appellate courts' typical practice of refusing to consider new issues on appeal. *See Access Now, Inc.*, 385 F.3d at 1331. Moreover, due process requires only that Campoverde-Panora be given notice and an opportunity to be heard. *See Hakki*, 7 F.4th at 1030 n.13. She was given the opportunity to articulate her situation to the IJ and did not object to the IJ's definition of the PSG in which she claimed membership.

Finally, even if the BIA erred by refusing to consider the new PSG on appeal, Campoverde-Panora cannot show substantial prejudice from this error. *See Lonyem*, 352 F.3d at 1341-42. Because she conceded in her testimony that she did not know the identity of the individual who persecuted her or why he was doing so, she necessarily cannot prove her membership in the new PSG was a central reason for his criminal acts against her. *See Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021) (stating to show persecution "on account of" a protected ground, which is known as the "nexus" requirement, "[a]n applicant must establish

6              Opinion of the Court              21-10131

that a protected ground 'was or will be at least one central reason for persecuting the applicant,'" and "[a] reason is central if it is 'essential' to the motivation of the persecutor"). Accordingly, we deny her petition for review.[3]

    PETITION DENIED.

---

[3] Neither Campoverde-Panora's argument that her new PSG is cognizable, nor the Government's arguments that the original PSG is not cognizable and Campoverde-Panora did not show persecution on account of the original PSG are properly before this Court. Because the BIA never considered the newly proposed PSG, the issue of whether it is cognizable under the INA is not properly before this court. *See Gonzalez*, 820 F.3d at 403 (stating we do not "consider issues that were not reached by the BIA"). Additionally, because Campoverde-Panora does not raise any challenge to the cognizability finding the BIA reached regarding the original PSG, that issue is abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining when a petitioner fails to offer argument on an issue on appeal to us, that issue is abandoned).